IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jennifer L. McSharry, ) | |
| ) | C.A. No. 1:22-770-HMH-SVH |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Bryan Stirling, Director, South ) | |
| Carolina Department of Corrections, and ) | |
| Patricia Jones-Yeldell, Warden, Leath ) | |
| Correctional Institution, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Petitioner Jennifer L. McSharry ("McSharry") is a state prisoner seeking habeas corpus relief under 28 U.S.C. § 2254. In her Report and Recommendation filed on September 8, 2022, Magistrate Judge Hodges recommended that this court grant the Respondents' motion for summary judgment and dismiss the Petition with prejudice. (R&R, generally, ECF No. 20.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

On September 22, 2022, McSharry timely filed objections to the Report and Recommendation. (Objs., generally, ECF No. 21.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that McSharry has alleged one specific objection. McSharry specifically objects that the magistrate judge "erred by not considering whether Magwood [v. Patterson, 561 U.S. 320, 331 (2010)] controls whether Ms. McSharry's 28 U.S.C. § 2254 petition challenges a new judgment." (Objs. 1, ECF No. 21.) McSharry contends that her resentencing hearing amounted to a new judgment, which permits her to file a § 2254 petition pursuant to Magwood. (Objs. 1, ECF No. 21.) In the instant § 2254 petition, McSharry alleges in part that the state court erred in finding that her second PCR application was time-barred and successive under the PCR statute. (§ 2254 Pet., generally, ECF No. 1.)

In Magwood, the United States Supreme Court interpreted the Antiterrorism and Effective Death Penalty Act ("AEDPA") to permit a second federal habeas petition where a state inmate has been resentenced and the second petition challenges the new sentence. 561 U.S. at 330-33; see also In re Gray, 850 F.3d 139, 144 (4th Cir. 2017) ("[W]hen a prisoner's successful habeas petition results in a new, intervening judgment, the prisoner's first habeas petition to challenge that new judgment is not second or successive within the meaning of § 2244(b),

2

regardless of whether the petition challenges the prisoner's sentence or underlying conviction.").

In the Report and Recommendation, the magistrate judge found as follows:

> In Magwood, the United States Supreme Court interpreted AEDPA to allow for a second federal habeas petition where a state inmate has been resentenced and the second petition challenges the new sentence. 561 U.S. at 330–33. The Court's holding relied on the text of 28 U.S.C. § 2244(b) and its legislative history, none of which is relevant to South Carolina's PCR statute. Thus, Magwood has no bearing on how South Carolina courts interpret South Carolina statutes.

(R&R 15, ECF No. 20.) The court agrees. 28 U.S.C. § 2254 and South Carolina's PCR statute are completely different. Section 2254 states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody **pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (emphasis added). In contrast, South Carolina's PCR statute provides:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a **judgment of conviction** or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

S.C. Code Ann. § 17-27-45 (emphasis added). Magwood does not apply to the PCR court's decision finding that the second PCR application was time barred and successive under South Carolina's PCR statutes, sections 17-27-45 and 17-27-90.[2] (Ret. & Mem. Supp. Summ. J. Ex. 7 (App'x 1063), ECF No. 10-7.) Therefore, after a thorough review of the magistrate judge's

---

[2] S.C. Code Ann. § 17-27-90 provides that "[a]ll grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application."

Report and the record in this case, the court adopts Magistrate Judge Hodges' Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondents' motion for summary judgment, docket number 11, is granted and McSharry's § 2254 petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because McSharry has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 28, 2022

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.